In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00598-CR
____________

BETTY JOYCE WILLIAMS
aka CASSANDRA DENISE ELLIOT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 984601



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offense of forgery of a commercial
instrument, a state jail felony. Appellant pleaded true to paragraphs alleging that she
had twice been convicted of forgery of a commercial instrument, but not that the
second prior offense was committed subsequently to the first prior offense having
become final. The enhancement paragraphs raised appellant’s punishment level to
that of a third degree felony. See Tex. Pen. Code Ann. §§ 12.42(a) (Vernon 2003
& Supp. 2004), 32.21(d) (Vernon Supp. 2004). In accordance with her plea bargain
agreement with the State, the trial court sentenced appellant to confinement for three
years. Appellant filed a timely pro se notice of appeal. We dismiss for lack of
jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Tex. R. App. P. 25.2(a)(2). The trial court’s certification of
appellant’s right to appeal in this case states that this is a plea-bargained case and
appellant has no right to appeal, and also that appellant waived the right to appeal. 
The record supports the certification. We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Bland.

Do not publish. Tex. R. App. P. 47.2(b).